1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9                AT SEATTLE

10  ROBERT I. JOSEPH,                    CASE NO. C10-1917 MJP

11              Plaintiff,               ORDER GRANTING
                                         DEFENDANTS' MOTION TO
12      v.                               DISMISS

13  ERIC K SHINSEKI et.al.,

14              Defendants.

15

16      This comes before the Court on Defendants' motion to dismiss for lack of subject matter

17  jurisdiction (Dkt. No. 16), the parties' stipulated motion to eliminate deadlines (Dkt. No. 18), and

18  the United States' status report (Dkt. No. 16).  Having reviewed the motions, the response (Dkt.

19  No. 20), the reply (Dkt. No. 21), and all related filings, the Court HEREBY ORDERS THAT:

20      1.  The above-titled action be placed under seal as provided under the Federal Claims

21          Act, 31 U.S.C. § 3730(b)(2).

22      2.  Parties' stipulated motion to stay deadlines (Dkt. No. 18) until the United States

23          determines whether to intervene is GRANTED.

24

3. In his capacity as relator, Robert I. Joseph is ORDERED to properly serve the United States Attorney for the Western District of Washington and Attorney General of the United States with the qui tam complaint and written disclosure statement. Joseph is ordered to render service within ten (10) days of entry of this Order and the United States is ordered to notify the Court when service is rendered.

4. Defendant's motion to dismiss Joseph's claims for lack of subject matter jurisdiction is GRANTED.

**Background**

Plaintiff Robert I. Joseph ("Joseph") is a former employee of the U.S. Department of Veterans Affairs ("VA") and challenges the VA's classification of his prior employment position. Based on his complaint, Joseph responded to a job announcement from the VA advertising a GS-9 position with the possibility of attaining a GS-12 salary after two years. (Compl. ¶ 1.) After receiving the position, Joseph alleges he was promoted only to GS-10. (Id. ¶ 5.) Joseph believes the VA failed to pay him in accordance with Office of Personnel Management ("OPM") guidelines. (Id.) In November 2010, Joseph filed two separate actions arising from the alleged misclassification. The first, assigned to Judge Marsha J. Pechman, asserted claims on Joseph's own behalf ("Plaintiff's Action") and the second, assigned to Judge John C. Coughenour, asserted claims as a relator on behalf of the United States under the False Claims Act ("Qui Tam Action"). In the Plaintiff's Action, Joseph sued for breach of contract, violations of the Classification Act and the Back Pay Act. (Compl. ¶ 12.)

On January 28, 2011, Defendants filed a motion to dismiss Plaintiff's Action for lack of subject matter jurisdiction. (Dkt. No. 7.) On February 27, 2011, Joseph filed a response as well as an amended complaint. (Dkt. No. 8 and 9.) In addition to suing the VA, the amended

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS- 2

complaint adds four individual employees or agents of the VA, including the Secretary of the VA, Eric Shinseki, as Defendants. (Am. Compl. ¶ 9.) The amended complaint adds claims under the Federal Tort Claims Act ("FTCA"), conversion, and constitutional violations. (Am. Compl. ¶¶ 12-18.) As in the original complaint, Joseph asserts jurisdiction under 28 U.S.C. § 1946(b). Defendants filed a second motion to dismiss Plaintiff's Action.

**Analysis**

1. Sealing the Case

On December 14, 2010, Judge Pechman denied Joseph's motion to seal the Plaintiff's Action because Joseph's assertions of individual damages claims failed to overcome the strong presumption in favor of public access. (Dkt. No. 3.) On March 2, 2011, upon a motion by Joseph, the Court consolidated Plaintiff's Action and the Qui Tam Action because the factual allegations were largely identical. (Dkt. No. 15.) Since Defendants had already been served in Plaintiff's Action and claims of fraud against the government were not immediately apparent from the complaint, the Court lifted the seal over the consolidated case. (Id.) The Court now finds it erred in lifting the seal.

Under the False Claims Act ("FCA"), a complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). While the Court recognizes the apparent futility in sealing a qui tam action when the relator also sued as a plaintiff on his own behalf in a separate civil action that was publicly-available and Defendants have already been served in that action, (see Dkt. No. 17, n.1), the Court will abide by the statute and places the case under seal in accordance with the False Claims Act. In addition, the Court GRANTS the stipulated motion to stay deadlines until the United States decides whether to intervene. To the extent the United States has not been

properly notified of the complaint as required by 31 U.S.C. §3730(b)(2), (see Dkt. No. 17), the Court ORDERS Joseph to properly serve the United States with the complaint and written statement of disclosure within ten (10) days of entry of this Order.

2. Plaintiff's Action

Plaintiff's Action alleges (1) tort claims under the Federal Tort Claims Act, (2) breach of contract, (3) Back Pay Act and Classification Act violations, and (4) constitutional violations under §1983. Defendants seek to dismiss Plaintiff's Action because the Court lacks jurisdiction and Plaintiff fails to state a claim. The Court agrees.

Federal courts are courts of limited subject matter jurisdiction. See Charles Alan Wright, Arthur R. Miller, et. al., 13 Federal Practice and Procedure § 3522 (3d. ed.)(collecting cases). In general, federal jurisdiction exists when either (1) a claim arises under the Constitution and laws of the United States or (2) suits arise between citizens of different states and the amount in controversy exceeds $75,000. See Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001)(listing other non-exhaustive categories of subject matter jurisdiction); see also 28 U.S.C. §§ 1331, 1332.

Certain types of actions against the United States may be considered a claim arising under the laws of the United States. See, e.g., 29 U.S.C. § 1346. But the United States, as sovereign, is immune from suit except as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). Unless the United States consents to be sued, the court lacks subject matter jurisdiction. Id.; see also U.S. v. Park Place Associates, Ltd., 563 F.3d 907 (9th Cir. 2009)("[T]he theory of sovereign immunity under which a court entertains a suit for money damages against the government may limit, or perhaps even determine, the venues in which there is subject matter jurisdiction.")

a. Tort Claims

    i. FTCA – Sovereign Immunity

In his original complaint, Joseph sued the VA as the sole Defendant under the FTCA. In his amended complaint, Joseph adds FTCA claims against the United States. The Court lacks jurisdiction over either Defendant.

First, the Court lacks jurisdiction over the VA because a federal agency cannot be sued in its own name without express statutory authorization. 28 U.S.C. § 2679(a); see also Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993). Second, the Court lacks jurisdiction over the United States because Joseph's suit is premature. The FTCA provides that the United States District Court has jurisdiction over tort actions brought against the United States. 28 U.S.C. § 1346(b). But a tort claimant cannot commence a lawsuit without first presenting the claim to the appropriate Federal agency and either receiving a conclusive denial of the claim or waiting for six months to elapse without a "final disposition" of the claim. 28 U.S.C. § 2675(a); see also, Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992). For purposes of 28 U.S.C. § 2675, a claim shall be deemed presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property." 28 C.F.R. § 14.2(a). This procedural requirement is "jurisdictional in nature" and cannot be waived. McNeil v. United States, 508 U.S. 106, 112-13 (1993). Any lawsuit filed before such denial is fatally premature and must be dismissed. Id.

Here, Joseph argues his claim was adequately presented to the VA when he faxed a letter to the VA's Seattle Regional Counsel Office on September 7, 2010. (Dkt. No. 9, Ex. 3.) In addition, Joseph asserts the American Federation of Government Employees ("AFGE") union

1 participated in an arbitration hearing with respect to the grade progression over a year ago and no
2 resolution resulted.  Neither fact establishes the procedural requirements for bringing a claim
3 under the FTCA.  Joseph's letter fails to specify the dollar amount, or "sum certain," claimed for
4 damages, as required by 28 U.S.C. § 2675, and was submitted less than six months prior to his
5 filing of the original complaint.  See also Blair v. Internal Revenue Serv., 304 F.3d 861, 864-65
6 (9th Cir. 2002).  Likewise, with respect to the union's activities, Joseph fails to show he is a
7 member of the AFGE let alone that the arbitration hearing relates to his specific claim against the
8 United States.  Since Joseph has not met the procedural requirements for bringing a claim under
9 the FTCA, the United States remains immune and the Court lacks subject matter jurisdiction.

10          ii.       Civil Service Reform Act – Preemption

11     Even if Joseph met the FTCA's procedural requirements, Joseph's tort claims are
12 preempted by the Civil Service Reform Act ("CSRA").  The CSRA limits federal employees
13 challenging their supervisors' "prohibited personnel practices" to an administrative remedial
14 system. 5 U.S.C. § 2302; see also Mathesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005).  If the
15 conduct challenged falls within the scope of the CSRA's "prohibited personnel practices," then
16 the CSRA's administrative procedures are the only remedy and federal courts cannot resolve the
17 claims under the FTCA.  Mathesian, 406 F.3d at 1134.  Under the CSRA, a prohibited personnel
18 practice includes any appointment, promotion, disciplinary or corrective action, and/or decision
19 concerning pay or benefits and the like made with an improper motive.  5 U.S.C. §2302 (a).
20     Here, Joseph alleges that he suffered injury when VA management decided to promote
21 him and others to GS-10 only instead of GS-11.  This is a personnel action under 5 U.S.C. §
22 2302(a)(2)(A)(ix).  The CSRA preempts Joseph's claims in federal court.
23 \\
24

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 6

1       b.  <u>Constitutional Claims</u>

2     In his amended complaint, Joseph adds claims under the Equal Protection and Takings

3 Clause of the Constitution.  Joseph argues these claims are enough to establish subject matter

4 jurisdiction.  The Court disagrees.

5     Constitutional violations brought under § 1983 are generally considered a claim arising

6 under the laws of the United States and sufficient for "federal question jurisdiction."  But § 1983

7 claims only apply to persons acting under color of state law.  <u>Lugar v. Edmondson Oil Co.</u>, 457

8 U.S. 922, 931 (1982).  A § 1983 claim cannot be maintained against a federal agency or federal

9 officer.  <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Here,

10 as amended, Joseph sues the VA, the United States, and four VA employees.  All of the

11 Defendants are either Federal entities or Federal employees.  None of the Defendants are acting

12 under color of <u>state</u> law.  Joseph has no viable § 1983 claim.

13     To the extent Joseph actually asserts an action under <u>Bivens v. Six Unknown Named</u>

14 <u>Agents of Federal Bureau of Narcotics</u> and not § 1983, his claim still fails.  The CSRA preempts

15 <u>Bivens</u> actions and other suits for constitutional violations arising from personnel actions.

16 <u>Russell v. U.S. Dept. of the Army</u>, 191 F.3d 1016, 1019 (9th Cir. 1999).  Because Joseph is

17 challenging a personnel action, as discussed above, his <u>Bivens</u> action is preempted.

18     Since Joseph has no viable § 1983 claim and any <u>Bivens</u> action is preempted by the

19 CSRA, Joseph's constitutional claims against all Defendants, including individual VA

20 employees, provide no basis for the Court to assert subject matter jurisdiction.

21       c.  <u>Breach of Contract</u>

22     To the extent Plaintiff alleges breach of contract, the Court lacks jurisdiction to hear the

23 case.  Under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction to hear

24

1 | contract disputes against the government when the amount sought exceeds $10,000.  28 U.S.C. §
2 | 1491; see also Denton v. Schlesinger, 605 F.2d 484, 485-86 (9th Cir. 1979).  Since Joseph seeks
3 | one million dollars, the Court lacks jurisdiction to consider his breach of contract claim.

4 |       d.  Back Pay Act and Classifications Act Claims

5 |     Plaintiff also asserts violations of the Back Pay Act and Classifications Act.  5 U.S.C. §
6 | 5596 and 5 U.S.C. §§ 5331-5338.  Neither statute provides for a substantive right of action
7 | against the United States for wrongful classifications.  United States v. Testan, 424 U.S. 392, 403
8 | (1976)(finding that government trial attorneys challenging their civil service grade could not
9 | assert a substantive right to back pay under the Back Pay Act nor the Classification Act).  In
10 | addition, the Classification Act provides administrative remedies through the Office of Personnel
11 | Management, which Joseph has not exhausted.  See 5 U.S.C. § 5112(b); see also Karamanos v.
12 | Egger, 882 F.2d 447, 451 (9th Cir. 1989).  While Joseph believes he satisfied the exhaustion
13 | requirement by faxing a letter to the DVA, the letter falls far short of a proper administrative
14 | claim.  As discussed above, the faxed letter fails to state a sum certain which would put the
15 | government on notice as to his claim.
16 | \\
17 | \\
18 | \\
19 | \\
20 | \\
21 | \\
22 | \\
23 | \\
24 |

**Conclusion**

The Court HEREBY ORDERS THAT: (1) the above-titled action be placed under seal as provided under the Federal Claims Act, 31 U.S.C. § 3730(b)(2); (2) parties' stipulated motion to stay deadlines (Dkt. No. 18) until the United States determines whether to intervene in the Qui Tam Action is GRANTED, (3) in his capacity as relator, Robert I. Joseph is ORDERED to properly serve the United States Attorney for the Western District of Washington and Attorney General of the United States with the complaint and written disclosure statement within ten (10) days of entry of this Order; and (4) Defendant's motion to dismiss Plaintiff's Action for lack of subject matter jurisdiction is GRANTED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 16th day of April, 2011.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS- 9